# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

| | |
|---|---|
| ROBERT BATES, | : Case No. 1:23-cv-16 |
| Plaintiff, | : |
| vs. | : Judge Jeffery P. Hopkins |
| | : Magistrate Judge Karen L. Litkovitz |
| BRAD W. DYER, ET. AL., | : |
| Defendants. | : |

**ORDER AND REPORT AND RECOMMENDATIONS ON INITIAL REVIEW**

Plaintiff Robert Bates, proceeding without counsel, filed an action alleging violations of his civil rights. ECF No. 1. The matter is currently before the undersigned Magistrate Judge to conduct the initial screen required by law. 28 U.S.C. §§ 1915(e)(2), 1915A(a).

## I. STANDARD

Because Plaintiff is a prisoner seeking "redress from a governmental entity or officer or employee of a governmental entity" and is also incarcerated, the Court is required to conduct an initial screen of his Complaint. 28 U.S.C. §§ 1915(e)(2), 1915A(a), (b). The Court must dismiss the Complaint, or any portion of it, that is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A complaint is frivolous if the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams*, 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the

allegations are delusional or rise to the level of the irrational or 'wholly incredible.'" *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Lawler*, 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional," *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010), or "clearly irrational or wholly incredible." *Ruiz v. Hofbauer*, 325 F. App'x 427, 429-30 (6th Cir. 2009) (citing *Denton*, 504 U.S. at 33).

To state a claim for relief, a complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Court must construe the complaint in plaintiff's favor, accept all well-pleaded factual allegations as true, and evaluate whether it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). A complaint that consists of mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" is insufficient. *Id*. (quoting *Twombly*, 550 U.S. at 555).

In the interest of justice, this Court is required to construe a pro se complaint liberally and to hold it "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) and citing Fed. R. Civ. P. 8(f)). Even with such a liberal construction, however, a pro se complaint must still adhere to the "basic pleading essentials." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Specifically, a pro se "complaint 'must contain either direct or inferential allegations respecting all the material elements' to recover under some viable legal theory.'" *Barhite v. Caruso*, 377 F. App'x 508, 510 (6th Cir. 2010) (quoting *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005)).

## II. PLAINTIFF'S COMPLAINT

Plaintiff, an inmate at the Southern Ohio Correctional Facility ("SOCF"), brings this action under 42 U.S.C. § 1983 alleging violations of his constitutional rights. He names the following SOCF employees as defendants in their official and individual capacities: Captain Brad W. Dyer ("Dyer"), Correctional Officer Billy Joe Gaffin ("Gaffin"), Correctional Officer Haynes ("Haynes"), "RIB Supervisor"/Hearing Officer Barney ("Barney"), Unit "RB" Manager Harris ("Harris"), and Correctional Officer Harr ("Harr"). ECF No. 1-1 at PageID 1, 3–4. The Complaint details a series of events occurring while Plaintiff was incarcerated at SOCF relating to each of the named defendants. *Id.* at PageID 5–10.

Plaintiff alleges that Gaffin retaliated against him for "writing up an unreported use of force that took place at [the] SOCF infirmary on 5-8-21 (see Bates v. Hales, et al., Case No. 1:22-cv-433)."[1] ECF No. 1 at PageID 5. Specifically, Plaintiff alleges that on the afternoon of September 6, 2021, Gaffin approached Plaintiff's cell where Plaintiff was "locked behind a door and was not a threat to himself, defendant Gaffin, or the institution," called Plaintiff a "snitch" in front of "violent inmates," and "attempt[ed] to break [P]laintiff's arm through the cuff port" (the "Incident") causing him "physical pain." *Id.* at PageID 5–6. Plaintiff further alleges that Gaffin violated prison policy and did not report the Incident for six days to "cover up" the fact that he used unnecessary force against Plaintiff (and had violated additional prison policies in doing so). *Id.* at PageID 5.

---

[1] Plaintiff filed a separate lawsuit related to the May 2021 alleged use of force. *See Bates v. Hale*, No. 1:22-cv-488 (S.D. Ohio). The Court takes judicial notice of the complaint filed in *Bates v. Hale*, ECF No. 1-1, and notes that neither Gaffin nor any other defendant named in the instant complaint are parties to that lawsuit. *See Lynch v. Leis*, 382 F.3d 642, 648 n.5 (6th Cir. 2004) (citing *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999) (a court may take judicial notice of court records that are available online to members of the public)).

At around 9:30 p.m. the following day, a day when Gaffin was not working at SOCF, Plaintiff alleges he "filled out an HSR and was seen" and filed an informal complaint resolution and grievance. *Id.* That same day Plaintiff alleges Harr filled out a false conduct report "acting as" Gaffin, to stop Plaintiff from pursuing his grievances related to the Incident and to "cover up" Gaffin's alleged policy and constitutional violations which would have otherwise been reported in Gaffin's personnel file. *Id.* at PageID 6.

About a week later on September 12, 2021, Plaintiff alleges that Dyer, in his supervisory role, intentionally and deliberately violated Plaintiff's Eighth Amendment right to a "reasonable safe environment and protection from known danger." Plaintiff states that Dyer reviewed the DVR footage of the Incident with Gaffin and colluded with Gaffin to "cover up" the incident by instructing Gaffin to issue a "use of force report, [a] Conduct report," and to get checked by medical. *Id.* at PageID 8. Plaintiff alleges that the following day, September 13, Barney, in his supervisory role as a hearing officer, learned of Gaffin's alleged retaliatory conduct and held a hearing on the allegedly false conduct report. Barney found Plaintiff "guilty" of retaliation for "pursuing legal claims against SOCF staff," placed Plaintiff in solitary confinement, and gave Plaintiff "more" time in Extended Restricted Housing ("ERH"). *Id.* at PageID 7.

Plaintiff submits that after his release from ERH he was almost immediately "harassed" by Haynes and Gaffin for pursuing legal claims against defendant Gaffin and SOCF employees and by filing informal complaints and grievances. *Id.* at PageID 8–9. Plaintiff alleges that on June 22, 2022, Haynes violated prison policy by engaging in a retaliatory cell search of Plaintiff's cell, which had already been "shook down" that day by the "first shift Defendant," and threatened to spray Plaintiff with mace if he did not comply with the order to go to the shower. *Id.* at PageID 9. Plaintiff further alleges that as he was being taken from his cell he informed

4

Unit Manager Harris that he was threatened by Haynes and that his cell had already been searched that day, but Harris ignored him. *Id.*

Plaintiff also states that on June 23, 2022, Gaffin and Haynes conspired to retaliate against Plaintiff via "verbal harassment"—calling him a snitch in from of violent inmates and stated that Plaintiff "looked like a crack head 'lil Wayne,'" and laughed at him. *Id.* at PageID 10. He alleges that Gaffin and Haynes "refused [P]laintiff ice, and cell clean up for approximately 90 days" when Plaintiff's cell was 100 degrees and denied Plaintiff showers while they were working on Second Shift. Lastly, Plaintiff alleges he was deliberately and intentionally ignored when he complained to their supervisors. *Id.*

Plaintiff alleges the foregoing actions violate prison policy and his constitutional rights. Plaintiff seeks monetary, declaratory, and injunctive relief.

### III. ANALYSIS

At this stage in the proceedings, without the benefit of briefing by the parties to this action, the undersigned concludes that Plaintiff may proceed with his Eighth Amendment excessive use of force claim against Gaffin. This claim is deserving of further development and may proceed at this juncture.

Plaintiff's remaining claims should be dismissed. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).

#### a. Official capacity claims

Plaintiff is prohibited from bringing a suit for damages against any "state actor" defendant in his or her official capacity. "The Eleventh Amendment protects a state official from suit for monetary damages in his or her official capacity because 'a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's

5

office. . . . As such, it is no different from a suit against the State itself.'" *Zakora v. Chrisman*, 44 F. 4th 452, 474 (6th Cir. 2022) (quoting *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 63-64, 71 (1989) (citations omitted)). *See also Monell v. Dep't of Soc. Services,* 436 U.S. 658, 690 n.55 (1978)) (holding that "neither a State nor its officials acting in their official capacities are 'persons'" who may be held liable for constitutional violations in a § 1983 action); *see also Turker v. Ohio Dep't of Rehab. & Corr.,* 157 F.3d 453, 456 (6th Cir. 1998) (and cases cited therein) ("It is well-established that a plaintiff cannot sue a state agency or any of its employees in their official capacities for monetary damages."). Here, all of the SOCF defendants are state officials or employees. Thus, the claims for monetary damages against them in their official capacity are barred by the Eleventh Amendment.

To the extent Plaintiff seeks "[a] preliminary and permanent injunction ordering [all defendants] to follow ODRC Policy 31-SEM-02; 64-DCM-02" and an order for institutional transfer (ECF No. 1 at PageID 12), he has failed to make "a clear showing" that he is entitled to such relief. *See S. Glazer's Distributors of Ohio, LLC v. Great Lakes Brewing Co.*, 860 F.3d 844, 849 (6th Cir. 2017) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008)). He has failed to establish a likelihood of success on the merits of his claims or that he would suffer irreparable harm in the absence of an injunction. *Wilson v. Williams*, 961 F.3d 829, 837 (6th Cir. 2020). Plaintiff's request for injunctive relief should be denied.

### b. Deliberate indifference claims

Plaintiff's claims based on allegations that Gaffin and Haynes laughed at him, called him names, threatened him, and called him a "snitch" in front of "violent inmates" should be dismissed. It is well-settled that "[v]erbal harassment or idle threats by a state actor do not create a constitutional violation and are insufficient to support a section 1983 claim for relief." *Wingo*

*v. Tennessee Dep't of Corr.*, 499 F. App'x 453, 455 (6th Cir. 2012) (citing *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987)). Therefore, Plaintiff's allegations of verbal harassment or threats should be dismissed. Moreover, to the extent being labeled a "snitch " could make an inmate a target for other prisoners' attacks, there is no Eighth Amendment deliberate indifference claim without any resulting physical harm stemming from being labeled a snitch. *See Thompson v. Mich. Dep't of Corrections*, 25 F. App'x 357, 359 (6th Cir. 2002) (affirming district court's dismissal where "[plaintiff's] claim that he was endangered by being labeled a snitch was unsupported by any allegation of resultant harm"); *cf. Wilson v. Yaklich*, 148 F.3d 596, 600-01 (6th Cir. 1998) (plaintiff failed to state an Eighth Amendment claim based upon inmate threats where he alleged no physical injury); *White v. Trayser*, No. 10-cv-11397, 2011 WL 1135552, at *5 (E.D. Mich. Mar. 25, 2011) (and cases cited therein); 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."). Plaintiff has not alleged any specific incident of actual physical injury by inmates who allegedly heard the "snitch" statement and acted on it. In the absence of any allegations showing a connection between allegedly being called a snitch and some resultant physical harm, Plaintiff's complaint fails to state a claim for relief.

To the extent Plaintiff alleges Dyer failed to protect him from a known danger (i.e., Gaffin's alleged use of force), Plaintiff's complaint fails to state an Eighth Amendment claim. A prison official may be held liable based on the failure to protect an inmate from an attack if he knows that the inmate faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 834, 847 (1994). Plaintiff fails to allege any facts indicating Dyer had prior knowledge of any threats by Gaffin

against Plaintiff and failed to take reasonable measures to abate the harm. Rather, Plaintiff alleges that it was not until six days *after* Gaffin allegedly "attempted to break plaintiff's arm through the cuff port" that Dyer learned of the alleged use of force incident. Plaintiff's deliberate indifference claim against Dyer should be dismissed.

### c. Retaliation claims

Plaintiff alleges that on September 6, 2021, Gaffin verbally harassed him, called him a snitch in front of dangerous inmates, and almost broke his arm through the "cuff port" of his cell in retaliation for plaintiff's "write up" of an unreported use of force occurring on May 8, 2021. He further alleges Gaffin and Haynes retaliated against him for filing informal complaints and grievances against various prison employees by verbally harassing him, calling him a snitch in front of violent inmates, searching his cell, and refusing access to ice and cell cleaning for roughly 90 days. Plaintiff also alleges that Harr filed a false conduct report under Gaffin's name, and Barney found him guilty on that conduct report in retaliation for his informal complaints and grievances.

A prisoner seeking to establish a First Amendment retaliation claim must show that (1) he was engaged in protected conduct; (2) the defendant took an adverse action that was capable of deterring a person of "ordinary firmness from continuing to engage in that conduct"; and (3) "the adverse action was motivated at least in part by the [prisoner's] protected conduct." *Hill v. Lappin,* 630 F.3d 468, 472 (6th Cir. 2010) (quoting *Thaddeus-X v. Blatter,* 175 F.3d 378, 394, 398 (6th Cir. 1999) (en banc)).

In this case, the complaint contains no allegations that plausibly support an inference that any of the defendants acted in response to Plaintiff's protected conduct under the First Amendment. "[C]onclusory allegations of retaliatory motive 'unsupported by material facts will

8

not be sufficient to state . . . a claim under § 1983.'" *Harbin v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005) (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538–39 (6th Cir. 1987)). The Sixth Circuit has held that temporal proximity between protected conduct and retaliatory acts may create an inference of retaliatory motive. *See Maben v. Thelen*, 887 F.3d 252, 268 (6th Cir. 2018) (issuance of misconduct ticket *"immediately"* after prisoner complained about inadequate food portions and as prisoner was trying to remedy situation with another official created "suspicious temporal proximity") (emphasis in the original) (citing *King v. Zamiara*, 680 F.3d 686, 695-96 (6th Cir. 2012)). However, "conclusory allegations of temporal proximity are not sufficient to show a retaliatory motive." *Skinner v. Bolden*, 89 F. App'x 579, 579-80 (6th Cir. 2004).

Other than conclusory assertions of retaliation in his complaint, Plaintiff provides insufficient facts for the Court to plausibly infer that the actions taken by any of the defendants were motivated by Plaintiff's "write up," informal complaints, or grievances. For example, Gaffin's alleged retaliatory actions, which occurred on September 6, 2021—nearly four months after plaintiff's "write up" about an unreported May 8, 2021 use of force incident—are simply too remote to plausibly infer a retaliatory motive. *See Vaughn v. Robb*, No. 1:11-cv-323, 2012 WL 769481, at *4 (W.D. Mich. Feb. 17, 2012), *report and recommendation adopted*, 2012 WL 772453 (W.D. Mich. Mar. 8, 2012) (citing cases where even three weeks between the protected conduct and alleged adverse action was too remote in time to establish a causal connection for a claim of retaliation). Plaintiff also states that Harr filed a false conduct report against him; that Barney found Plaintiff guilty on the conduct report and sentenced him to solitary and ERH; and Haynes searched Plaintiff's cell and verbally harassed him, all because of Plaintiff's informal complaints and grievances. Plaintiff, however, alleges no factual circumstances in connection

with each defendant's actions to support an inference of retaliatory motive. Plaintiff's conclusory allegations are simply insufficient to state an actionable claim for relief. *Twombly,* 550 at 555–57. Therefore, Plaintiff's retaliation claims should be dismissed.

### d. Due process claims

Next, Plaintiff fails to state a plausible due process claim against any of the defendants. Plaintiff alleges hearing officer Barney found Plaintiff "guilty" on false charges, placed him in solitary confinement, and gave Plaintiff more time in ERH. These allegations fail to state a due process claim.

A prison disciplinary proceeding does not give rise to a constitutionally protected liberty interest protected by the Due Process Clause unless the imposed discipline "inevitably affect[s] the duration of his sentence" or constitutes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Connor*, 515 U.S. 472, 484, 487 (1995). The Sixth Circuit has held that confinement in segregation generally does not rise to the level of an "atypical and significant" hardship implicating a liberty interest except in "extreme circumstances, such as when the prisoner's complaint alleged that he is subject to an *indefinite* administrative segregation" or that such confinement was excessively long in duration. *Joseph v. Curtin*, 410 F. App'x 865, 868 (6th Cir. 2010) (citing *Harden-Bey v. Rutter*, 524 F.3d 789, 795 (6th Cir. 2008)) (emphasis in original); *see also Harris v. Caruso,* 465 F. App'x 481, 484 (6th Cir. 2012) (holding that the prisoner's 8-year confinement in segregation was of "atypical duration" and thus "created a liberty interest that triggered his right to due process"). *Cf. Wilkinson v. Austin*, 545 U.S. 209, 223-24 (2005) (ruling that an inmate's transfer to Ohio's "supermax" prison "imposes an atypical and significant hardship" given the combination of

extreme isolation of inmates, prohibition of almost all human contact, indefinite duration of assignment, and disqualification for parole consideration of otherwise eligible inmates).

The prison discipline that Plaintiff alleges that Barney imposed—time in solitary and additional time in EHR—does not constitute "atypical and significant hardship" in relation to the ordinary course of prison life. *See, e.g., Workman v. Wilkinson*, 23 F. App'x 439, 440-41 (6th Cir. 2001) (the plaintiff inmate's "administrative control and maximum security classification do not constitute atypical and significant hardship because heightened security status is one of the ordinary incidents of prison life.") (citing *Sandin*, 515 U.S. at 484). "Courts in this District have expressly held that assignment to extended restrictive housing, ODRC's most restrictive security level, does not implicate a due process liberty interest." *Perry v. Erdos*, No. 1:22-cv-178, 2022 WL 2256901, at *3 (S.D. Ohio June 22, 2022), *report and recommendation adopted,* 2022 WL 3083522 (S.D. Ohio Aug. 3, 2022) (citing *Cook v. Davis*, No. 1:19-cv-624, 2019 WL 4564741, at *4 (S.D. Ohio Sept. 20, 2019); *Wheeler v. Pickaway Corr. Inst.*, No. 2:19-cv-3512, 2019 WL 4744781, at *4 (S.D. Ohio Sept. 30, 2019); *Hairston v. Smith*, No. 2:18-cv-826, 2018 WL 4599905, at *4 (S.D. Ohio Sept. 25, 2018), *report and recommendation adopted*, 2018 WL 5268747 (S.D. Ohio Oct. 23, 2018)). For these reasons, Plaintiff's due process challenges to defendant Barney's actions fail to state a claim upon which relief may be granted.

Nor does Plaintiff allege a claim upon which relief may be granted against any of the defendants to the extent that he asserts that SOCF staff failed to follow prison procedures. "Failing to follow proper procedures is insufficient to establish an infringement of a liberty interest." *Grinter v. Knight*, 532 F.3d 567, 574, 576 (citing *Olim v. Wakinekona*, 461 U.S. 238, 250 (1983)). Accordingly, Plaintiff's due process claims should be dismissed.

### e. Conspiracy claims

Plaintiff alleges that defendants Harr, Dyer, Barney and Haynes conspired against him when Harr and Gaffin issued false conduct reports; Dyer instructed Gaffin to issue a use of force report; Barney found plaintiff guilty on a conduct report; Haynes engaged in a retaliatory search of Plaintiff's cell and threatened to spray Plaintiff with mace if he did not comply; and Unit Manager Harris ignored Plaintiff's complaints regarding Haynes actions. To the extent that Plaintiff alleges that defendants conspired to violate his rights, his conclusory allegations are insufficient to state a conspiracy claim. *See Bickerstaff v. Lucarelli*, 830 F.3d 388, 400 (6th Cir. 2016). "Although circumstantial evidence may prove a conspiracy, it is well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983." *Id*. A plaintiff must plead facts "showing the existence of 'a single plan'." *Trans Rail Am., Inc. v. Hubbard Twp.*, 478 F. App'x 986, 988 (6th Cir. 2012) (quoting *Hooks v. Hooks,* 771 F.2d 935, 944 (6th Cir. 1985)). Where there are no facts establishing the "that each of the defendants conspired with one another," and instead only conclusory allegations unsupported by material facts are pleaded, dismissal is appropriate. *Id.* (citing *Twombly,* 550 U.S. at 555). Plaintiff's conspiracy claims should be dismissed.

### f. Prison Policy

Plaintiff's complaint fails to state a claim upon which relief may be granted to the extent that he bases his claim on violations of prison policies. An alleged failure to comply with an administrative rule or prison policy does not itself give rise to a § 1983 claim. *See Hursey v. Anderson*, No. 16-1146, 2017 WL 3528206, at *2 (6th Cir. Mar. 31, 2017) ("claims related to

violations of prison policies do not state a constitutional violation"). Thus, these claims should be dismissed.

### g. Conditions of Confinement

The Eighth Amendment's prohibition against cruel and unusual punishment is also applicable to inhumane conditions of confinement. *Farmer,* 511 U.S. 825. "[P]rison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *Id.* at 832 (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)). "Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987). Instead, "[e]xtreme deprivations are required to make out a conditions-of-confinement claim." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992).

An Eighth Amendment conditions of confinement claim has an objective and a subjective component. *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). To state a conditions of confinement claim pursuant to the Eighth Amendment, a plaintiff must therefore allege (1) a deprivation that is objectively "sufficiently serious," for example, that the plaintiff is "incarcerated under conditions posing a substantial risk of serious harm," (the objective component) and (2) that the defendant prison official has a "sufficiently culpable state of mind," specifically one of "deliberate indifference" to inmate health or safety (the subjective component). *Farmer*, 511 U.S. at 834 (citations and internal quotations omitted). When determining if a condition objectively posed a substantial risk of harm, "[t]he circumstances, nature, and duration of a deprivation . . . must be considered in determining whether a constitutional violation has

occurred." *Boyington v. Walker*, No. 3:18CV-P134, 2018 WL 3649027, at *3 (W.D. Ky. Aug. 1, 2018) (collecting cases).

Plaintiff complains that he was denied ice, showers and "cell clean up" by Defendants Gaffin and Haynes. Plaintiff states that Gaffin and Haynes "refused [P]laintiff ice, and cell clean up for approximately 90 days[,] the cells was 100 degrees [and] [P]laintiff was not allowed to take showers on second shift while Defendant's [sic] [Gaffin and Haynes] were working." ECF No. 1 at PageID 10.

Plaintiff's allegation that he was denied showers "on second shift" when Gaffin and Haynes "were working" fails to state an Eighth Amendment claim. "The Constitution does not mandate showers; it requires only that prisoners be allowed to maintain hygiene." *Williams v. Cooley*, No. 1:22-cv-825, 2022 WL 7945082, at *5 (W.D. Mich. Oct. 14, 2022). "Allegations about temporary inconveniences, e.g., being deprived of a lower bunk, subjected to a flooded cell, or deprived of a working toilet, do not demonstrate that the conditions fell beneath the minimal civilized measure of life's necessities as measured by a contemporary standard of decency." *Id.* (citing *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001) (discussing temporary inconveniences generally). Here, Plaintiff does not allege he was denied the ability to maintain adequate hygiene. Nor does he allege a denial of showers altogether for a specified period. Rather, he alleges he was unable to take a shower when defendants Gaffin and Haynes were working on second shift. He does not allege any facts indicating the length of this alleged deprivation, whether showers were only permitted on second shift and this was a daily occurrence, or the frequency with which Gaffin and Haynes worked on second shift such that the Court could reasonably infer the alleged denial of showers was not merely a temporary

14

inconvenience and rose to the level of an Eighth Amendment violation. This claim should be dismissed.

Regarding the alleged 90-day lack of "cell clean up," an inmate's inability to maintain a hygienic living area for 90 days is arguably a sufficient length of time to constitute a serious deprivation under the Eight Amendment. However, Plaintiff does not allege that his cell was unhygienic, that he was not able to clean his cell when Gaffin and Haynes were not on duty, or that he suffered any health problems as a result. As such, the Court is unable to conclude that the alleged 90-day ban on cell cleaning by Gaffin and Haynes on the days they worked resulted in an objectively serious condition under the Eighth Amendment. This claim should also be dismissed.

Finally, Plaintiff alleges that the heat level in his cell was 100 degrees for roughly 90 days and he was denied ice (presumably to cool down). Courts have considered the following factors when determining if exposure to extreme heat constitutes an Eighth Amendment violation:

> In order to establish a claim of extreme cell temperatures, [a plaintiff] must show that the heat subjected him to a substantial risk of harm. *Vasquez v. Frank*, No. 05-C-528-C, 2007 WL 3254702 at *——, 2007 U.S. Dist. LEXIS 82106 at *17 (W.D. Wis. Nov. 2, 2007). For example, allegations that poor cooling caused an inmate to become simply lightheaded and woozy is not a viable Eighth Amendment claim, even when the heat lasted for ten days. *Jackson v. Young*, 2013 WL 6038158, *2 (C.D. Ill. Nov. 14, 2013). Further, Courts look to the duration of the confinement to determine whether the conditions amount to a constitutional violation, finding that longer periods of confinement (measured in weeks or months) often come closer to Eighth Amendment violations than shorter periods. *See Corselli v. Coughlin*, 842 F.2d 23, 27 (2d Cir. 1988) (claims that inmate was exposed to subfreezing temperatures for three months with ice forming in toilet bowl were sufficient to raise issues of fact for jury, even where prison officials gave inmate extra blanket); *Wilson v. Timmerman-Cooper*, No. 2:14-cv-539, 2015 WL 457823, 2015 U.S. Dist. LEXIS 12471 (S.D. Ohio Feb. 3, 2015) (finding Plaintiff's claim that temperatures reaching 120 degrees and lasting for two days did not rise to the level of an Eighth Amendment violation).

15

*Johnson v. Cathers*, No. 6:19-cv-258, 2021 WL 7707754, at *4 (E.D. Ky. July 29, 2021).

Plaintiff does not allege whether during this 90-day period his exposure to extreme temperatures was continuous or sporadic. He does not allege that he suffered any adverse health consequences from the heat. Nor does he allege he was unable to obtain relief from the heat on days or shifts when Gaffin and Haynes were not on duty. As such, the Court cannot conclude that Plaintiff's allegations concerning extreme heat exposure are objectively severe under the Eighth Amendment. Plaintiff's conditions of confinement claims should be dismissed.

### h. Claim against defendant Harris

Plaintiff alleges that Unit Manager Harris ignored Plaintiff's complaint about Hayne's retaliatory cell search. *Respondeat superior* does not apply to § 1983 claims and may not serve as a basis for liability. *See Iqbal*, 556 U.S. at 676; *Monell v. Dep't of Social Servs.,* 436 U.S. 658 (1978); *Hill v. Marshall,* 962 F.2d 1209, 1213 (6th Cir. 1992). "[Section] 1983 liability of supervisory personnel must be based on more than the right to control employees." *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir. 1984). Furthermore, § 1983 liability is premised on active unconstitutional behavior and not a mere failure to act. *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). The mere fact that defendant Harris may have a supervisory role or failed to take corrective action is not enough to impose liability under section 1983. Nor does a prison official's alleged failure to adequately investigate claims of misconduct rise to the level of "encouragement" that would make the official liable for such misconduct. *Knop v. Johnson,* 977 F.2d 996, 1014 (6th Cir. 1992); *Bellamy,* 729 F.2d at 421. Therefore, Plaintiff's claim against defendant Harris should be dismissed for failure to state a claim upon which relief may be granted.

**IT IS THEREFORE RECOMMENDED THAT:**

1. The complaint be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B) & 1915A(b), with the exception of Plaintiff's Eighth Amendment excessive use of force claim against defendant Gaffin.

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith, and therefore, deny Plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

**IT IS THEREFORE ORDERED THAT:**

1. The United States Marshal shall serve a copy of the complaint, summons, the Order granting plaintiff *in forma pauperis* status, and this Order and Report and Recommendation upon defendant Gaffin as directed by Plaintiff, with costs of service to be advanced by the United States.

2. Plaintiff shall serve upon defendant Gaffin or, if appearance has been entered by counsel, upon defendant's attorney(s), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date a true and correct copy of any document was mailed to defendant or defendant's counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

3. Plaintiff shall inform the Court promptly of any changes in his address which may occur during the pendency of this lawsuit.

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

June 12, 2023

Karen L. Litkovitz
UNITED STATES MAGISTRATE JUDGE